## Keenen Estate

*Ben W. Ingber,* for appellant.
*Palmer Watson,* for appellee.

BOLGER, J., April 27, 1956.—Harry Bickley Keenen, the appellant, is the executor and cobeneficiary of the will of Clara Keenen, deceased. He appealed from a decree of probate and grant of letters dated March 16, 1954. The testatrix died March 11, 1954, and her will was dated February 27, 1953. The probated will gave the residuary estate to the petitioner and to the Chapin Memorial Home for Aged Blind in equal shares. The petition alleges that subsequent to the probate of the will, appellant presented to his counsel, Ben W. Ingber, Esq., three letters dated August 4, 1953, August 6, 1953, and February 9, 1954 respectively, which letters he alleges are testamentary in character and give him the entire estate of the testatrix. The Chapin Memorial Home, appellee, has filed preliminary objections on the ground, inter alia, that the alleged letters are not testamentary.

Counsel for the appellant raises the point that preliminary objections should be dismissed and respondent required to answer on the merits in order that testimony may be taken as to the surrounding circumstances attending the writing and mailing of the letters in order that the court can put itself "into the

arm-chair of the testatrix" to determine her intent in writing the letters.

It is true that where it appears from the record that questions of fact exist or that uncertainty or ambiguity is apparent in the language of written instruments, it is our practice to refuse to dispose of petitions upon preliminary objection because we prefer to have a complete record before us and, therefore, require answers on the merits: Diamandas Estate, 73 D. & C. 334. However, as here, where there is no ambiguity in the language of the disputed instrument, it is unnecessary to inquire further. Here the issue of whether the alleged writings are testamentary or not, is clearly raised by the writings themselves and there is no necessity or authority to receive collateral testimony regarding their sufficiency or insufficiency: McCune's Estate, 265 Pa. 523 and Tyson's Estate, 336 Pa. 497.

The three letters are set forth in extenso on the record. They are long, informal, personal letters from the testatrix to the appellant and his wife. They refer in addition to personal affairs, to insurance policies and to her property. The only language of a possible testamentary character is contained in the following phrases: "I will also have the house title transferred to my name as you wish so you would have no trouble. I also have papa's will, where he left all to mother— then mother's will where she left all to me and I have left all to you." . . . "I can also do as you say about the safe deposit box as that is all heirloom jewelry which passes to the next survivor in the family, which is you. A note will go into the box to that effect, the keys are in a little case in the hankie box in the closet along the wall in the front room." . . . "The whole thing is, he is peeved about the will and because I won't let him sell my house,—well, I took my will from

him and he can't sell my house. The Phila. Lawyer here made me a new will. I will send you a copy later on. You—get—all and should you wish you can write to the Safe Deposit Box Dept., Phila. Saving Fund about the box I have had there and you can claim all as being family heirloom and it being rightfully yours as survivor, more than one person has had their eyes on that ring, including Mr. Harry, Jr., it goes to people I love."

There is not the least doubt in our minds that the testatrix clearly emphasizes in these letters that she has made her will and desires to convey to her brother and to his wife the impression that the appellant is the recipient of her bounty under that will. It is equally clear that none of this language is dispositive in character. Most important it lacks the vital element of evidencing that they were written with animus testandi or testamentary intent. The testatrix's statements in her letters of the provisions of her will being in contradiction to the actual terms of the will, is no reason for us to give any weight to the expressions in the letters: Tyson's Estate, supra. There decedent stated in a letter to his sister: "I am making out my will leaving my securities to you", when in fact he left no such will.

The preliminary objections are sustained, the appeal from probate is dismissed and the record is remanded to the register of wills.